UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
at CHATTANOOGA

| | |
|---|---|
| RALPH BUCKNER, JR. and ) <br> CHARI BUCKNER, ) <br> ) <br>        Plaintiffs, ) <br> ) <br> v. ) <br> ) <br> ) <br> WAHEED BILAL and S.P. ) <br> TRANSIT, INC. ) <br> ) <br>        Defendants. ) | No. 1:04-CV-263 <br><br> Judge Curtis L. Collier |

## **M E M O R A N D U M**

On July 22, 2005, this Court entered an order requiring Plaintiffs Ralph Buckner, Jr. and Chari Buckner (collectively "Plaintiffs") to show cause within ten days of the entry of the order why this case should not be dismissed pursuant to Fed. R. Civ. P. 4(m) (Court File No. 7). Plaintiffs filed a motion for entry of default (Court File No. 11) and a motion for default judgment (Court File No. 8) explaining why the case should not be dismissed. For the following reasons, the Court's order to show cause is **SATISFIED** and the Court will **GRANT** Plaintiffs' motion for entry of default and **REFER** Plaintiffs' motion for default judgment to Magistrate Judge Susan K. Lee to determine the amount of damages.

**I.    RELEVANT FACTS**

Plaintiffs filed a Complaint in this Court on August 31, 2004 seeking damages for personal injury resulting from a car accident in Queens, New York (Court File No. 1, Complaint). A summons was issued for Defendant Waheed Bilal ("Bilal"), the driver of the car, and Defendant S.P.

Transit, Inc. ("S.P. Transit"), the owner of the car on August 31, 2004 (Court File Nos. 2, 3). On October 6, 2004 a sworn affidavit was filed with the Court stating the summons and complaint were mailed to Bilal and delivery was attempted on three separate occasions in September 2004 (Court File No. 6, Affidavit of Brenda McClanahan). Attached to the affidavit is a certified mail receipt showing the summons and complaint were "unclaimed." (*Id.*). On September 28, 2005[1] a copy of a sworn affidavit dated September 14, 2004 was filed with the Court stating the summons and complaint were mailed to S.P. Transit's registered agent Alla Weingarter (Court File No. 10, Affidavit of Brenda McClanahan). Attached to this affidavit is a certified mail receipt dated September 7, 2005. This return receipt is signed (*Id.*).

## II. DISCUSSION

### A. Have Plaintiffs Shown Good Cause?

Rule 4(m) of the Federal Rules of Civil Procedure provides as follows:

> If service of the summons and complaint is not made upon a defendant within 120 days after the filing of the complaint, the court, upon motion or on its own initiative after notice to the plaintiff, shall dismiss the action without prejudice as to that defendant or direct that service be effected within a specified time; provided that if the plaintiff shows good cause for the failure, the court shall extend the time for service for an appropriate period. ...

Fed. R. Civ. P. 4(m). Rule 4(m) has two distinct parts. One part of Rule 4(m) gives courts discretion to enlarge the 120-day period for good cause shown and even when good cause has not been shown. *Henderson v. United States*, 517 U.S. 654, 662 (1993); *Johnson v. Hayden*, 2000 WL 1234354, at *3, n. 3 (6th Cir. Aug. 24, 2000). The other part of Rule 4(m) allows courts to dismiss

---

[1] Apparently, Plaintiff attempted to file this affidavit on September 17, 2004 but the Court's Docket does not reflect such an attempt.

a complaint without prejudice if service of the summons and complaint has not been made within 120 days from the filing of the complaint. In the current case, the court entered a show cause order for Plaintiffs to explain why the Court should not dismiss their complaint against both named Defendants because the record shows the summons for both Defendants have not been executed. In an effort to show good cause, the Plaintiffs filed motions for entry of default and judgment against both Defendants. Accompanying these motions are affidavits explaining how Plaintiffs attempted to serve the Defendants. From these affidavits, the Court concludes Plaintiffs have shown good cause not to dismiss their complaint against the Defendants.

>Fed. R. Civ. P. 4(e) states:
>
>Unless otherwise provided by federal law, service upon an individual from whom a waiver has not been obtained and filed, other than an infant or an incompetent person, may be effected in any judicial district of the United States:
>
>>(1) pursuant to the law of the state in which the district court is located, or in which service is effected, for the service of a summons upon the defendant in an action brought in the courts of general jurisdiction of the State; or
>>
>>(2) by delivering a copy of the summons and of the complaint to the individual personally or by leaving copies thereof at the individual's dwelling house or usual place of abode with some person of suitable age and discretion then residing therein or by delivering a copy of the summons and of the complaint to an agent authorized by appointment or by law to receive service of process.

Fed. R. Civ. P. 4(e). Further, Fed. R. Civ. P. 4(h) provides in part:

>[S]ervice upon a domestic or foreign corporation or upon a partnership or other unincorporated association that is subject to suit under a common name, and from which a waiver of service has not been obtained and filed, shall be effected:
>
>>(1) in a judicial district of the United States in the manner prescribed for individuals by subdivision (e)(1), or by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or to any other agent authorized by appointment or by law to receive service of process and, if the agent is one

3

> authorized by statute to receive service and the statute so requires, by also mailing a copy to the defendant...
>
> . . .

Fed. R. Civ. P. 4(h). Here, Plaintiffs sent the summons and complaint by certified mail to an authorized agent of S.P. Transit which is a New York corporation. A return receipt was returned executed allegedly by S.P. Transit's authorized agent. If Plaintiffs allegations are true, S.P. Transit was properly served under Rule 4(h). Although it is possible valid service has not been accomplished,[2] the Court believes good cause has been shown by Plaintiffs not to dismiss their claims against S.P. Transit.

With respect to Bilal, Plaintiffs have not accomplished valid service through Rule 4(e)(2). The post office made an attempt to deliver the summons and complaint but delivery could not be made. The complaint and summons were returned and the certified mail receipt was marked "unclaimed." However, Rule 4(e)(1) says service can be accomplished if the service is valid under the law of the state in which the district court sits or under the law of the state where service is effected. Therefore, in this case, if the Plaintiffs appear to have validly served Bilal under Tennessee law (where this Court sits) or under New York law (where service was effected), the Court will not dismiss Plaintiffs' complaint against Bilal. Plaintiffs do not cite any Tennessee or New York law on how an unclaimed summons and complaint can constitute valid service. Instead, Plaintiff merely states "[t]he complaint...was served upon...Bilal by certified mail, return receipt requested, which was returned...as 'unclaimed'...constituting valid service according to the Federal Rules of Civil Procedure and other law...." However, after a review of Tennessee law on service of process, the

---

[2] Service may not have been accomplished, for example, if the signature on the return receipt is not the signature of the agent of S.P. Transit or anyone affiliated with S.P. Transit.

4

Court agrees service may have been valid. Tennessee Rule of Civil Procedure 4.05(5) states:

> When service of summons, process, or notice is provided for or permitted by registered or certified mail, under the laws of Tennessee, and the addressee, or the addressee's agent, refuses to accept delivery, and it is so stated in the return receipt of the United States Postal Service, the written return receipt, if returned and filed in the action, shall be deemed an actual and valid service of the summons, process, or notice. Service by mail is complete upon mailing. For purposes of this paragraph, the United States Postal Service notation that a properly addressed registered or certified letter is "unclaimed," or other similar notation, is sufficient evidence of the defendant's refusal to accept delivery.

Tenn. R. Civ. P. 4.05(5). Applying this rule to the current case shows service may have been proper. The complaint and summons were sent by certified mail and a receipt was returned "unclaimed." This receipt was filed with the Court. Again, although service may eventually be deemed improper, the Plaintiffs have shown good cause to the Court so Plaintiffs' claims against Bilal will not be dismissed.

### B. Default

The Defendants in this case have failed to plead or otherwise defend for over one year. Therefore, an entry of default is appropriate under Fed. R. Civ. P. 55(a). However, since damages are not for a sum certain and by computation cannot be made certain, Plaintiffs have asked the Court to enter a default judgment under Fed. R. Civ. P. 55(b)(2). *See* Fed. R. Civ. P. 55(b)(1) & (2). The Court will refer Plaintiffs' motion for default judgment to Magistrate Judge Susan K. Lee.

### III. CONCLUSION

For the above reasons, the Court deems the Court's order to show cause (Court File No. 7) **SATISFIED**. Further, the Court will **GRANT** Plaintiffs' motion for entry of default (Court File No. 11) and **ORDER** the Clerk's Office to enter default against both Defendants. Further, the Court will **REFER** Plaintiffs' motion for default judgment (Court File No. 8) to Magistrate Judge Susan K.

Lee.

An order shall enter.

/s/
**CURTIS L. COLLIER**
**UNITED STATES DISTRICT JUDGE**